UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROLAND LAMAINE JOHNSON, individually and on behalf of
all others similarly situated,

                                      Plaintiff,                **COLLECTIVE ACTION**
                                                            **COMPLAINT**

      -against-

LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK,         JURY TRIAL
and DELROY LEVY, as an individual,                         REQUESTED

                                      Defendants.
------------------------------------------------------------------------X

Plaintiff **ROLAND LAMAINE JOHNSON**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, bring this action against **LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK, and DELROY LEVY, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 445 Albee Square, West Dekalb Market Hall, Brooklyn, NY 11201.

2. Plaintiff also complains pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296 *et seq.* ("NYSHRL") and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his disability by Defendants.

3. As a result of the violations of Federal and New York State labor and discrimination laws delineated below, Plaintiff seeks compensatory damages and liquidated damages.

1

Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff ROLAND LAMAINE JOHNSON residing at Springfield Gardens, NY 11413 was employed by LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK, from in or around December 2021 until in or around September 2022.

9. Upon information and belief, Defendant LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK, is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 445 Albee Square, West Dekalb Market Hall, Brooklyn, NY 11201.

10. Upon information and belief, Defendant DELROY LEVY is the owner of LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK.

11. Upon information and belief, Defendant DELROY LEVY is an agent of LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK.

12. Upon information and belief, Defendant DELROY LEVY is responsible for overseeing the daily operations of LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK.

13. Upon information and belief, DELROY LEVY has power and authority over all the final personnel decisions of LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK.

14. Upon information and belief, DELROY LEVY has the power and authority over all final payroll decisions of LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK, including the Plaintiff.

15. Upon information and belief, DELROY LEVY has the exclusive final power to hire the employees of LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK, including the Plaintiff.

16. Upon information and belief, DELROY LEVY has exclusive final power over the firing and terminating of the employees of LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK, including Plaintiff.

17. Upon information and belief, DELROY LEVY is responsible for determining, establishing, and paying the wages of all employees of LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant DELROY LEVY was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
### i. Wage-and-Hour Allegations

20. Plaintiff ROLAND LAMAINE JOHNSON was employed by LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK as a cook, cleaner and cashier while performing related miscellaneous duties for the Defendants, from in or around December 2021 until in or around September 2022.

21. Plaintiff ROLAND LAMAINE JOHNSON regularly worked approximately six (6) days per week during his employment with the Defendants.

22. Plaintiff ROLAND LAMAINE JOHNSON regularly worked a schedule of shifts beginning at approximately:

    i.  9:00 a.m. each workday and regularly ending at approximately 6:00 p.m. or later, once during each week;

    ii. 11:00 a.m. each workday and regularly ending at approximately 9:30 p.m., or later, five (5) days per week.

23. Thus, Plaintiff was regularly required to work approximately sixty-one and a half (61.5) hours or more hours each week from in or around December 2021 until in or around September 2022.

24. In addition to Plaintiff's schedule above, Plaintiff was required to work additional hours "off-the-clock" when Defendants held events after hours, approximately once per month, and Plaintiff was not compensated at all for these hours.

25. Plaintiff ROLAND LAMAINE JOHNSON was paid by Defendants a flat hourly rate of approximately $18.00 per hour without regard for the number of hours worked from in or around December 2021 until in or around September 2022.

26. Although Plaintiff regularly worked approximately sixty-one and a half (61.5) hours or more hours each week from in or around December 2021 until in or around September 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

27. Additionally, Plaintiff ROLAND LAMAINE JOHNSON worked in excess of ten (10) or more hours per day approximately five (5) days per week from in or around December 2021 until in or around September 2022, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

28. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

29. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
30. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).
31. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).
32. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

### ii. Disability Discrimination Allegations

33. On or around September 8, 2022, Plaintiff was involved in a motor vehicle accident in which he sustained injuries.
34. As a result of these injuries, Plaintiff suffered severe back and knee pain and other injuries that left him physically unable to work for a short period of time.
35. On or around September 9, 2022, Plaintiff received a letter from Kings County Emergency Department that he was unable to return to work until September 14, 2022. Plaintiff provided this letter to Defendants on the same date.
36. Despite this, Defendants demanded that Plaintiff come to work on September 11, 2022 and made Plaintiff work despite Plaintiff being in immense pain from his injuries. Plaintiff had to leave after approximately four hours due to the pain he was suffering as a result of Defendants forcing him to work despite Plaintiff's injuries.
37. On September 13, 2022, Plaintiff went to New York Recovery PT, who advised that due to Plaintiff's injuries, that Plaintiff would be physically unable to work at least until September 20, 2022.
38. New York Recovery PT provided Plaintiff with a medical report indicating the above and Plaintiff provided the report to Defendants, specifically Delroy Levy.
39. During this time, Defendants continually demanded Plaintiff return to work, despite doctor's orders to the contrary.

40. Despite receiving a report indicating that Plaintiff would be unable to physically work for one week, Defendants made the decision to instead terminate Plaintiff rather than accommodate a very reasonable and very brief recovery period due to Plaintiff's temporary disability.

41. When Plaintiff went to return to work after this period, he learned he had been removed from Defendants' schedule, was not provided any hours to work and was effectively terminated.

42. Plaintiff attempted to contact Defendants in order to return to work now that his injuries had healed and Defendants ignored all attempts by Plaintiffs to contact them and return to work.

43. Defendants' sole basis for terminating Plaintiff was due to his injuries and his inability to work for a one-week period due to a temporary disability.

44. It is clear from the temporal proximity of Plaintiff's request for an accommodation and his termination that the reason to terminate Plaintiff was discriminatory.

45. Defendants did not engage, and have not engaged, Plaintiff in any meaningful discussion regarding possible alternative reasonable accommodations for Plaintiff or offer any reasonable alternatives to his working arrangement that would enable Plaintiff to continue his employment.

46. Plaintiff has been unlawfully discriminated against on the basis of his actual and/or perceived disabilities and for requesting an accommodation (for time off to care for his injuries).

47. Defendant retaliated against Plaintiff solely because he requested a reasonable accommodation for his disability and necessary recovery time.

48. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, special damages, and inconvenience.

49. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

50. Defendants unlawfully discriminated against, retaliated against, and humiliated Plaintiff.

51. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.
52. As such, Plaintiff demands punitive damages as against Defendants, jointly and severally.

### COLLECTIVE ACTION ALLEGATIONS

53. Plaintiff brings this wage-and-hour action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."
54. Collective Class: All persons who are or have been employed by the Defendants as cooks, cleaners, cashiers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.
55. Upon information and belief, Defendants employed approximately 10 to 15 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.
56. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.
57. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
58. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
59. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
60. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to

join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

61. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

62. The claims of Plaintiff are typical of the claims of the whole putative class.

63. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

64. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

67. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

68. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

69. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

70. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

71. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

74. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

75. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

78. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

81. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

84. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Requirements of the New York State Executive Law**

85. Plaintiff repeats, reiterates, and re-alleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

86. The New York State Executive Law § 296(1)(a) provides in pertinent part:

*It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.*

87. Defendants violated this section as set forth herein.

### SEVENTH CAUSE OF ACTION

**Violation of the Requirements of the New York State Executive Law**

88. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

89. New York State Executive Law § 296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

90. Defendant violated this section as set forth herein.

### EIGHTH CAUSE OF ACTION

**Violation of the Requirements of the New York City Administrative Code**

91. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

92. The New York City Administrative Code §8-107(1) provides:

*It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.*

93. Defendant violated this section as set forth herein.

### NINTH CAUSE OF ACTION

**Violation of the Requirements of the New York City Administrative Code**

94. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

95. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

11

96. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of the Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Declaring that Defendant engaged in unlawful employment practices prohibited by the NYSHRL, and NYCHRL,

c. Awarding Plaintiff's unpaid overtime wages;

d. Awarding Plaintiff's spread of hours compensation;

e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant' unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices.

g. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

h. Awarding Plaintiffs prejudgment and post-judgment interest;

i. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated   December 16 , 2022
        Kew Gardens, NY

                                          */s/ Roman Avshalumov*
                                          Roman Avshalumov (RA 5508)
                                          Helen F. Dalton & Associates, P.C.
                                          80-02 Kew Gardens Road, Suite 601
                                          Kew Gardens, New York 11415
                                          Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ROLAND LAMAINE JOHNSON, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK, and DELROY LEVY, as an individual,

Defendants,

<b>COLLECTIVE ACTION COMPLAINT</b>

<i>Jury Trial Demanded</i>

<b>HELEN F. DALTON & ASSOCIATES, P.C.</b>
<i>Attorneys for the Plaintiff</i>
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Service via Secretary of State:**
**LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK (DOS ID#5117988)**
20 West St. 35B, New York, NY 10004

**Via Personal Service:**
**LIKKLE MORE CARIB INC. d/b/a LIKKLE MORE JERK**
445 Albee Square West Dekalb Market Hall, Brooklyn, NY 11201

**DELROY LEVY**
445 Albee Square West Dekalb Market Hall, Brooklyn, NY 11201